## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CORWYN W. HATTER<br>4635 Hanna Place, SE<br>Washington DC 20019<br><br>          Plaintiff,<br><br>   v.<br><br>WASHINGTON METROPOLITAN AREA<br>TRANSIT AUTHORITY<br>600 5th Street, NW<br>Washington, DC 20001<br><br>         Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### COMPLAINT

Plaintiff, Corwyn Hatter, by way of his attorney, Morris E. Fischer, Esq., hereby states the following complaint, on information and belief formed after reasonable inquiry under the circumstances, against Defendant:

### PARTIES

1. Plaintiff, Corwyn Hatter, is an individual citizen and resident of the District of Columbia.

2. Defendant, the Washington Metropolitan Area Transit Authority, is organized under the laws of the District of Columbia.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 for claims arising under federal law, e.g., Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111, et seq. (ADA).

4. Defendant's headquarters is located at 600 5th Street, NW, Washington, DC 20001.

5. At all times relevant to this case, Defendant has been engaged in an industry affecting commerce.

6. Defendant runs the Washington metropolitan metro system.

7. The metro system is a public transportation utility.

8. Venue is vested in this Court.

9. The District of Columbia is where the actions complained of in the present case took place, where the employment records relevant to the unlawful practices are kept, and where the Plaintiff would have worked but for the unlawful actions of the Defendant.

10. Defendant resides in this judicial district, and a substantial part of the events giving rise to this action took place within this judicial jurisdiction.

11. All of the necessary administrative prerequisites have been met prior to filing the instant action, as Plaintiff has filed timely complaints with the Equal Employment Opportunity Commission and received a Notice of Right to Sue.

## FACTS

12. On March 24, 2010, Plaintiff received an initial offer letter of employment from Defendant for the position of Bus Operator trainee.

13. Defendant's offer of employment was contingent on Plaintiff undergoing a physical examination by a medical doctor.

14. Plaintiff underwent a physical examination by a medical doctor.

15. The result of the physical examination showed that Plaintiff had an elevated blood pressure level.

16. After a month or so of attempting to communicate with Defendant but not receiving any returned calls, Plaintiff finally learned from Defendant that Plaintiff was to undergo a sleep apnea test in order to be fully qualified for employment by Defendant.

17. Typically, obtaining results from a sleep apnea test takes several months.

18. Plaintiff asked Defendant why he was required to undergo a sleep apnea test while none of the other similarly situated candidates for employment by Defendant were required to do so.

19. Defendant told Plaintiff that Plaintiff was singled out for a sleep apnea test because "he is a big guy."

20. Plaintiff did not pass the sleep apnea test since the results showed that Plaintiff had "moderate sleep apnea."

21. Defendant's doctor did not offer Plaintiff a way to correct Plaintiff's moderate sleep apnea.

22. In June of 2010, Defendant called Plaintiff asking what the result of Plaintiff's sleep apnea test was.

23. Plaintiff did not want to disclose the sleep apnea test result to Defendant.

24. Defendant informed Plaintiff that if Plaintiff did not disclose the sleep apnea test result, Plaintiff would not be qualified for employment by Defendant.

25. Plaintiff asked Defendant to convey the above condition in writing.

26. Defendant refused to convey the condition in writing.

27. Plaintiff never heard back from Defendant.

28. Plaintiff later learned that Defendant selected another person for the position Plaintiff applied for.

29. Plaintiff timely filed a complaint with the United States Equal Employment Opportunity Commission ("EEOC").

30. On July 18, 2012, the EEOC issued a Determination finding that Defendant violated the ADA when: 1) Defendant required Plaintiff to undergo a test not required of other applicants, and 2) Defendant failed to hire Plaintiff as a Bus Operator trainee. *See Exhibit 1.*

31. On June 6, 2014, Plaintiff received a Notice of Right to Sue from the EEOC. *See Exhibit 2.*

32. Plaintiff has made several attempts to obtain his file from the EEOC but has not been successful.

33. Plaintiff has exhausted all administrative remedies.

## COUNT I:
## DISCRIMINATION DUE TO FAILURE TO HIRE ON THE BASIS OF A DISABILITY

34. Plaintiff hereby adopts all aforesaid paragraphs as if fully reproduced herein.

35. Plaintiff's sleep apnea is a disability under 42 U.S.C. § 12102.

36. Defendant was aware of Plaintiff's disability, sleep apnea.

37. Defendant failed to hire Plaintiff.

38. Plaintiff could fulfill the essential functions of his job despite his disability.

39. A causal connection exists between Defendant failing to hire Plaintiff and Plaintiff's disability.

40. Defendant's failure to hire Plaintiff constituted a violation of Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12111, et. seq.

41. The aforesaid discriminatory treatment by Defendant toward Plaintiff caused tangible harm to Plaintiff in that they affected the terms, conditions and privileges of his employment.

42. In addition to the above, Plaintiff also suffered anguish, anxiety, fear, helplessness, shock, humiliation, insult, embarrassment, loss of self-esteem, and other damages.

## COUNT II:
## DISABILITY DISCRIMINATION IN THE FAILURE TO PROVIDE A REASONABLE ACCOMODATION

43. Plaintiff hereby adopts all aforesaid paragraphs as if fully reproduced herein.

44. Defendant violated Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12111, et seq. in failing to provide Plaintiff with reasonable accommodations.

45. Plaintiff is a qualified individual with a disability.

46. Defendant failed to provide Plaintiff with a reasonable accommodation for correcting Plaintiff's sleep apnea.

47. Granting a reasonable accommodation for Plaintiff would not have posed an undue hardship on Defendant.

48. Plaintiff could fulfill the essential functions of his job despite his disability.

## COUNT III:
## DISCRIMINATION DUE TO ADDITIONAL TEST REQUIRED ON THE BASIS OF A PERCEIVED DISABILITY

49. Plaintiff hereby adopts all aforesaid paragraphs as if fully reproduced herein.

50. Defendant violated Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12111, et seq. in requiring Plaintiff to undergo a test not required of other applicants.

51. Defendant perceived Plaintiff as having a disability due to Plaintiff's high blood pressure.

52. Defendant perceived Plaintiff as having a disability due to Plaintiff being obese.

53. Defendant perceived Plaintiff as having a disability due to Plaintiff's sleep apnea.

54. Defendant perceived Plaintiff as having a disability due to Plaintiff's high blood pressure, obesity and sleep apnea.

55. Defendant required Plaintiff to undergo a test not required of other applicants.

56. A causal connection exists between Defendant requiring Plaintiff to undergo a test not required of other applicants and Plaintiff's disability.

57. The aforesaid discriminatory treatment by Defendant toward Plaintiff caused tangible harm to Plaintiff in that they affected the terms, conditions and privileges of his employment.

58. In addition to the above, Plaintiff also suffered anguish, anxiety, fear, helplessness, shock, humiliation, insult, embarrassment, loss of self-esteem, and other damages.

## COUNT IV:
## DISCRIMINATION DUE TO FAILURE TO HIRE ON THE BASIS OF A PERCEIVED DISABILITY

59. Plaintiff hereby adopts all aforesaid paragraphs as if fully reproduced herein.

60. Defendant perceived Plaintiff as having a disability.

61. Defendant failed to hire Plaintiff.

62. A causal connection exists between Defendant failing to hire Plaintiff and Defendant perceiving Plaintiff as having a disability.

63. Defendant's failing to hire Plaintiff constituted a violation of Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12111, et. seq.

64. The aforesaid discriminatory treatment by Defendant toward Plaintiff caused tangible harm to Plaintiff in that they affected the terms, conditions and privileges of his employment.

65. In addition to the above, Plaintiff also suffered anguish, anxiety, fear, helplessness, shock, humiliation, insult, embarrassment, loss of self-esteem, and other damages.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff prays that he be awarded the following relief:

    (a)  compensatory damages in the amount of $300,000 for Count I;

    (b)  compensatory damages in the amount of $300,000 for Count II;

    (c)  compensatory damages in the amount of $300,000 for Count III;

    (d)  compensatory damages in the amount of $300,000 for Count IV;

    (e)  appointment to the subject Bus Operator trainee position;

    (f)  back pay, including the value of all lost benefits;

    (g)  attorney's fees;

    (h)  front pay;

    (i)  all other relief that the Court deems appropriate.

Respectfully Submitted,

Morris E. Fischer, Esq.
1400 Spring Street
Suite 350
Silver Spring, MD 20910
(301) 328-7631 phone
(301) 328-7638 fax
Attorney for Plaintiff

## JURY DEMAND

Plaintiff herein demands a jury for all issues to be tried in this case.


Respectfully Submitted,

_____

Morris E. Fischer, Esq.
1400 Spring Street
Suite 350
Silver Spring, MD 20910
(301) 328-7631 phone
(301) 328-7638 fax
Attorney for Plaintiff