UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CORWYN W. HATTER | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 14-cv-1470 (TSC) |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, | ) ) ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM OPINION**

Plaintiff Corwyn Hatter alleges that defendant Washington Metropolitan Area Transit Authority ("WMATA") violated the Rehabilitation Act by requiring him to undergo a medical test not required of other applicants and by failing to hire him. (Am. Compl. ¶ 30). Defendant moved to dismiss the complaint as untimely, arguing that it was filed outside the statute of limitations without the benefit of any tolling provisions. For the reasons set forth below, the court DENIES the motion to dismiss.

**I.    BACKGROUND**

Hatter applied for a job with WMATA. On March 24, 2010, WMATA offered him a position as bus operator, pending the successful completion of a drug and medical examination by a licensed physician. (Am. Compl. ¶¶ 12–13). A subsequent physical examination revealed that Hatter had elevated blood pressure. (*Id.* ¶¶ 14–15). WMATA then instructed him to undergo a test for sleep apnea. (*Id.* ¶ 16).

Hatter underwent an examination for sleep apnea; the examination revealed that he had "moderate sleep apnea." (*Id.* ¶ 20). He declined to provide the results of the sleep apnea test to

1

WMATA, even after it informed him that failure to do so would result in his disqualification for employment. (*Id.* ¶¶ 22–24). In or around June 2010, Plaintiff learned that WMATA had selected another applicant for the position he sought. (*Id.* ¶ 28).

In 2010, Hatter filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). (*Id.* ¶ 29). On July 18, 2012, the EEOC issued a determination that WMATA violated Section 504 of the Rehabilitation Act when it: (1) required Hatter to undergo a test not required of other applicants; and (2) failed to hire him as a bus operator. (Am. Compl. Ex. 1 at 1). Following an unsuccessful attempt at conciliation, the Department of Justice Civil Rights Division ("DOJ") issued a "Notice of Right to Sue to Within 90 Days" on June 6, 2014. (Am. Compl. Ex. 2). Plaintiff filed this suit on August 26, 2014, more than four years after WMATA refused to hire him in June 2010. (Mot. at 2).

Defendant moved to dismiss the Amended Complaint as time-barred, arguing that Hatter filed his suit outside the one-year statute of limitations which it contends applies to Rehabilitation Act claims brought in D.C., and that the limitations period was not tolled by the filing of Plaintiff's EEOC charge.

## II.   LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation omitted). Although a plaintiff may survive a Rule 12(b)(6) motion even where it appears "recovery is very remote and unlikely[,]" the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level[.]" *Bell Atl.*

*Corp. v. Twombly,* 550 U.S. 544, 555–56 (2007) (internal quotation marks and citation omitted). Moreover, a pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action[.]" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555). If the facts as alleged, which must be taken as true, fail to establish that a plaintiff has stated a claim upon which relief can be granted, the Rule 12(b)(6) motion must be granted. *See, e.g., Am. Chemistry Council, Inc. v. U.S. Dep't of Health & Human Servs.*, 922 F. Supp. 2d 56, 61 (D.D.C. 2013).[1]

Nevertheless, even a well-pleaded complaint may be dismissed when it is "clear from the face of the complaint" that plaintiff's claims are outside of the applicable statute of limitations. *Adams v. District of Columbia*, 740 F. Supp. 2d 173, 180 (D.D.C. 2010) (citing *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 578 (D.C. Cir. 1998)). But "[b]ecause statute of limitations issues often depend on contested questions of fact, . . . the court should hesitate to dismiss a complaint on statute of limitations grounds based solely on the face of the complaint." *Id.* (citing *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996)).

**III.   ANALYSIS**

   **A.  Applicable Statute of Limitations**

Neither the Rehabilitation Act nor Title VI, from which the Act borrows its "remedies, procedures, and rights," 29 U.S.C. § 794a(a)(2), provides an express statute of limitations. When a federal statute lacks a statute of limitations provision, courts should borrow from analogous state statutes. *Cephas v. MVM, Inc.*, 520 F.3d 480, 484–85 (D.C. Cir. 2008) (citing *North Star Steel Co. v. Thomas*, 515 U.S. 29, 34 (1995)). In the Rehabilitation Act context, federal district

---

[1] In testing the complaint's sufficiency, a court may "consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the Court] may take judicial notice." *E.E.O.C. v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).

courts in this jurisdiction have typically applied the three-year statute of limitations under D.C.'s personal injury statute, D.C. CODE § 12-301 (2014). *See, e.g.*, *Adams*, 740 F. Supp. 2d at 184 (citing *Stewart v. District of Columbia*, No. 04-cv-1444, 2006 WL 626921, at *11 (D.D.C. Mar. 12, 2006)).

Recently, however, in a case involving a plaintiff's claim that the D.C. Public Service Commission violated the Rehabilitation Act by refusing to reinstate him on the basis of a perceived disability, the D.C. Court of Appeals held that the applicable statute of limitations should be one year, borrowing the limitations period from the District of Columbia Human Rights Act ("DCHRA"), D.C. Code § 12-309 (2014), and not the personal injury statute. *Jaiyeola v. District of Columbia*, 40 A.3d 356 (D.C. 2012). The court in *Jaiyeola* determined that, based on a variety of factors, the DCHRA was a more appropriate analogue than the personal injury statute. Among other things, it found that "[p]ersonal injury claims need not— and, indeed, typically do not—seek to remedy discrimination at all, and the three-year statute of limitations for such claims certainly was not chosen with discrimination claims in mind." *Id.* at 367. The DCHRA, by contrast, "targets virtually all forms of disability discrimination, encompasses the range of activities covered by the Rehabilitation Act, and has a statute of limitations intended specifically for claims of discrimination." *Id.* at 367–68.

To date, two judges of this District, including the undersigned, have addressed the impact of the *Jaiyeola* opinion on the timeliness of Rehabilitation Act claims, and neither ruled definitively on which statute of limitations applies. The plaintiff in *Tyler v. Wash. Metropolitan Area Transit Auth.*, 53 F. Supp. 3d 101 (D.D.C. 2014) was denied employment as a result of a perceived disability. Like Hatter, he filed a discrimination claim with the EEOC and obtained a right-to-sue letter. He subsequently filed suit, alleging violations of the Rehabilitation Act.

Noting that a D.C. Court of Appeals opinion is not binding with respect to an interpretation of federal law, the *Tyler* court nevertheless declined to resolve the issue of whether the HRA's statute of limitations applied, since the plaintiff's claims were timely under either the HRA (as a result of the DCHRA's tolling provisions, discussed below) or the D.C. personal injury statute. *Id.* at 103-104.

In *Alexander v. Wash. Metropolitan Area Transit Auth.*, No. 12-cv-1959, 2015 WL 1043369 (D.D.C. Mar. 10, 2015), plaintiff, who suffered from alcohol addiction, sued in December 2012, alleging that WMATA violated the Rehabilitation Act by denying his applications for employment in April or May 2010, August 2011, and October 2011.  The parties agreed that if the applicable limitations period was three years, the plaintiff's claims were timely. WMATA urged the court to follow the D.C. Court of Appeals' decision in *Jaiyeola* to hold that the claim was untimely under the one-year DCHRA statute of limitations.  The undersigned concluded, however, that if the DCHRA statute of limitations applied, the tolling provisions of that statute also applied, so that the plaintiff's claim was either timely under the three-year personal injury statute of limitations or timely under the tolled DCHRA statute.  *Id.* at *4. Therefore, the court did not rule on whether the personal injury statute or the DCHRA supplied the limitations period under the Rehabilitation Act.

Here, the parties agree that the DCHRA applies, so the appropriate statute of limitations for Rehabilitation Act claims is borrowed from the DCHRA. (Def. Mot. at 2 (arguing that Plaintiff's claims are barred by "the applicable one-year statute of limitations"); Pl. Opp'n at 3 (arguing that EEOC charge tolled the statute of limitations under the DCHRA); Def. Reply at 1 (noting that Plaintiff "does not, and cannot, dispute that" the DCHRA statute of limitations

applies)). However, the parties disagree on whether Hatter's filing of his EEOC complaint tolled the running of the limitations period.

### B. Tolling the Statue of Limitations

The DCHRA requires plaintiffs to bring a lawsuit "within one year of the unlawful discriminatory act," and also provides that "the timely filing of a complaint with the [D.C. Office of Human Rights], or under the administrative procedures established by the Mayor pursuant to § 2-1403.03, shall toll the running of the statute of limitations while the complaint is pending." D.C. CODE. § 2-1403.16. A charge filed with the EEOC "is automatically cross-filed with the D.C. Office of Human Rights, [so] filing a charge with the EEOC suffices to toll the one-year statute of limitations for DCHRA claims." *Craig v. District of Columbia*, --- F. Supp. 3d. ---, 2014 WL 6656979, at *11 (D.D.C. Nov. 24, 2014).[2] WMATA argues that the Court should borrow the DCHRA statute of limitations without also borrowing the DCHRA tolling provisions. (Mot. at 3). Under this logic, Plaintiff's EEOC charge did not toll the statute of limitations and this lawsuit, filed more than four years after the discrimination, is untimely.

WMATA argues that the court should follow the holding in *Adams*, 740 F. Supp. 2d at 183, in which the court held, in line with WMATA's argument, that "the statute of limitations for the plaintiff's claims under the Rehabilitation Act was not tolled during the pendency of the administrative proceeding before the DCOHR." *Id.* The court relied on Supreme Court precedent holding that "the statute of limitations continues to run on a claim that requires no administrative exhaustion while a plaintiff pursues administrative remedies on a separate claim that does have such a requirement." *Id.* (citing *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 461 (1975)). WMATA urges the Court to ignore as wrongly decided the holding in *Tyler*,

---

[2] WMATA does not argue that Plaintiffs' EEOC charge did not fall within the scope of this tolling provision. The Court assumes for purposes of this motion to dismiss that the charge was in fact timely within the DCHRA.

which applied the DCHRA tolling provision, because "when a federal court borrows a limitations period, it must also borrow the associated tolling provision." *Tyler*, 53 F. Supp. 3d at 104. The court disagrees, finding that *Tyler* is squarely on point with both *Adams* and *Johnson*. *Tyler* applied the tolling provisions of the borrowed DCHRA, while the courts in *Adams* and *Johnson* applied no tolling provisions because none existed in the borrowed state laws. *Adams*, 740 F. Supp. 2d at 184 (applying three-year D.C. personal injury statute of limitations); *Johnson*, 421 U.S. at 463 (applying Tennessee's one-year statute of limitations).

WMATA's reliance on *Johnson* as support for its argument that administrative exhaustion does not toll the statute of limitations for claims that do not require exhaustion (Def. Mot. at 3) is similarly unpersuasive. The *Johnson* court addressed two issues: whether the filing of an EEOC complaint (which tolled the statute of limitations under Title VII) would also toll a claim arising out of the same discrimination under § 1981; and the proper statute of limitations for a § 1981 claim. WMATA attempts to conflate the issues in arguing that since administrative exhaustion is not required under the Rehabilitation Act, no tolling via an EEOC charge can ever occur. This overstates the Supreme Court's holding in *Johnson*. In addressing the second question, the Court specifically noted that the Tennessee law which supplied the statute of limitations had no tolling provisions, so no tolling would apply to the § 1981 claim at issue. 421 U.S. at 462. The Court implied that if the borrowed statute of limitations had tolling provisions, those provisions would have applied. *Id.* at 464 ("In borrowing a state period of limitation for application to a federal cause of action, a federal court is relying on the State's wisdom in setting a limit, and exceptions thereto, on the prosecution of a closely analogous claim"); *see also Hardin v. Straub*, 490 U.S. 536, 543 (1989) (holding that when Michigan personal injury statute of limitations applied to § 1981 claims, the state's tolling provisions applicable to incarcerated

plaintiffs also applied); *J.S. ex rel. Duck v. Isle of Wight Cty. Sch. Bd.*, 402 F.3d 468, 477-78 (4th Cir. 2005) (contrasting a notice requirement under borrowed Virginia law, which did not apply to bar a Rehabilitation Act suit, with statute of limitations and tolling provisions also borrowed from Virginia law, which would apply). As the undersigned previously held in *Alexander*, "if the one-year statute of limitations under the DCHRA applies, so does the Act's tolling provisions, as a limitations period is 'understood fully only in the context of the various circumstances that suspend it from running.'" 2015 WL 1043369, at *3 (citing *Johnson*, 421 U.S. at 464).

## IV.   CONCLUSION

The court borrows the one-year statute of limitations from the DCHRA, along with its related tolling provisions. Because Hatter filed an EEOC complaint within one year of the violation, the Complaint is timely and WMATA's motion to dismiss is denied.

A corresponding order will issue separately.

Dated: May 19, 2015